IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN DOMINSKI | : CIVIL ACTION |
| v. | : NO. 07-3595 |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security | : |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                     October 15, 2008

Upon consideration of the brief in support of request for review filed by plaintiff and defendant's response (Doc. Nos. 5 & 8), the court makes the following findings and conclusions:

1.     On November 5, 2004, Dawn Dominski ("Dominski") protectively filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433 and 1381-1383(f) alleging an onset date of March 1, 2004.[1] (Tr. 64-66; 348-350). Throughout the administrative process, including an administrative hearing[2] held on September 15, 2006 before an administrative law judge ("ALJ"), Dominski's claims were denied. (Tr. 5-7; 12-24; 37-41; 352-356; 364-387). Pursuant to 42 U.S.C. § 405(g), Dominski filed her complaint in this court on August 29, 2007. (Doc. No. 1).

2.     In her decision, the ALJ found that Dominski had severe impairments of substance addiction disorder, bipolar disorder, and anxiety disorder. (Tr. 17 Finding 3). The ALJ further found that without giving consideration to her substance abuse, Dominski would retain a residual functioning capacity ("RFC") that allowed her to perform a significant number of jobs in the national economy. (Tr. 23 Finding 13). The ALJ thus concluded Dominski was not disabled because substance abuse disorder was a contributing factor material to the determination of her disability. (Tr. 23 Finding 14).

3.     The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

---

[1] For DIB purposes, Dominski's date last insured is December 31, 2008. (Tr. 110).

[2] At an initial hearing, the ALJ rescheduled to allow Dominski to obtain new representation. (Tr. 358-363).

4. Dominski raises four arguments in which she alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence. These arguments are addressed below. However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

A. First, Dominski argues that the ALJ's failure to comment on or consider the summary assessment from Mindy Rushbrook, M.S.; L.S.W. is reversible error requiring remand. In fact, the ALJ clearly did consider Ms. Rushbrook's report and included it in the discussion of opinion evidence. (Tr. 19 ¶ 1; 309-312).[3] Contrary to Dominski's claims, the ALJ recognized diagnoses of bipolar disorder and polysubstance abuse in remission, without any report of relapse. (Tr. 19 ¶ 1; 310-11). Dominski correctly points out that the ALJ failed to comment on Ms.Rushbrook's report that Dominski's GAF score was assessed at 50. (Tr. 310). However, this alone does not constitute reversible error where the ALJ undoubtedly considered the report as part of her decision. See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d. Cir. 2001) (stating that an ALJ need not "make reference to every relevant treatment note in…voluminous medical records" but must "consider and evaluate" the evidence). The ALJ clearly discredited rather than completely ignored the findings in Ms. Rushbrook's summary report. See Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d. Cir. 2000) (quoting Cotter v. Harris, 642 F.2d 700, 705 (3d. Cir. 1981). Dominski does not cite any authority stating that a GAF score of 50 requires finding the claimant disabled. Moreover, Ms. Rushbrook is considered an "other source" and her report alone can not establish disability. 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1); SSR 06-03p (explaining that other sources may "provide insight" into an individual's functioning capacity, but an acceptable medical source is required to find a medically determinable impairment).

B. Second, Dominski contends that the ALJ erred in discounting the reliability of her testimony. (Tr. 19 ¶ 5; 21 ¶ 3). Specifically, Dominski asserts that the ALJ incorrectly based her credibility determination on the fact that Dominski was not in mental health treatment at the time of the hearing. Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)). Moreover, such determinations are entitled to deference. S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003). The ALJ properly noted that Dominski was not currently in ongoing mental health treatment. (Tr. 20 ¶ 1; 22 ¶ 1). See 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3)(v) (stating that treatment a claimant receives or has received is a factor in evaluating symptoms). However, the ALJ relied primarily on other justifications to determine Dominski's credibility. The ALJ placed great weight on the fact that Dominski was "not forthcoming with regard to her substance abuse." (Tr. 19 ¶ 5; 21 ¶ 4). The ALJ noted that Dominski lied to the consultive examiner about using illicit drugs, recanting only when presented with evidence from her medical records. (Tr. 19 ¶ 5; 21 ¶ 4; 157). Other treating professionals also found Dominski's attitude towards her substance abuse to be a problem. (Tr. 19 ¶ 5; 21 ¶ 4; 305). The ALJ cited examples of Dominski's varying statements about her crack use. (Tr. 19 ¶ 5; 21 ¶ 3).

The ALJ also based her credibility determination on Dominski's

---

[3] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

inconsistent statements about her symptoms. (Tr. 20 ¶ 1; 22 ¶ 1). Dominski reported on her activities questionnaire that she was housebound and needed help in nearly all of her daily activities. (Tr. 20 ¶ 1; 22 ¶ 1; 128-132). However, Dominski stated at the hearing that she tried to walk daily, was only depressed for a day or two each month, and had only one panic attack each week lasting no more than one hour. (Tr. 20 ¶ 1; 22 ¶ 1; 372-376). The ALJ's finding that Dominski's testimony was not fully credible is supported by substantial evidence.

          C.      Third, Dominski claims that substantial evidence establishes that her drug addiction was not a contributing factor material to the determination of her disability. This is not the appropriate legal standard. On the contrary, I must determine whether the findings of the ALJ are supported by substantial evidence. Schaudeck, 181 F.3d at 431 (citing 42 U.S.C. § 405(g)). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft, 181 F.3d at 360; 42 U.S.C. § 405(g). I note that Dominski has the burden of proving that she would be disabled even without the effects of alcohol. Doughty V. Apfel, 245 F.3d 1274, 1279-80 (11th Cir. 2001); Mittlestadt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000); Brown v. Apfel, 192 F.3d 492, 498-99 (5th Cir. 1999). The ALJ recognized that Dominski's primary treating therapists did not address her capabilities without consideration for substance abuse. (Tr. 20 ¶ 4). The ALJ relied on the opinion of Dr. Langberg, who examined Dominski while she abstained from substance abuse.[4] Dr. Langberg assessed Dominski's GAF at 55 and did not identify any extreme restrictions on her ability to work. (Tr. 160). Dr. Langberg found that Dominski had slight restrictions in handling simple instructions, with moderate restrictions in handling detailed instructions and simple decisions. (Tr. 163). Dr. Langberg also reported that Dominski had moderate restrictions on interacting appropriately at work and marked restrictions in responding to work pressures and changes. (Id.). State consultant Dr. Salvatore adopted Dr. Langberg's report and stated that Dominski retained the RFC to "meet the basic mental demands of competitive work on a sustained basis." (Tr. 167). The ALJ's determination of Dominski's RFC and subsequent finding that Dominski's substance abuse is a contributing factor material to her disability are supported by substantial evidence.

          D.      Fourth, Dominski asserts that the ALJ incorrectly relied on the opinion of Dr. Chaefsky to determine her functional limitations and the impact of her drug abuse. Dominski's argument lacks merit because the ALJ did not rely on the opinion of Dr. Chaefsky in this way. The ALJ did review the evidence provided by Dr. Chaefsky and considered it as part of her credibility determination. (Tr. 17 ¶ 2; 19 ¶ 5; 20 ¶ 4; 21 ¶ 4). However, the ALJ found that the opinions of Drs. Langberg and Salvatore "most accurrately reflect[ed]" Dominski's RFC. (Tr. 22 ¶ 4). The ALJ did not consider the opinion of Dr. Chaefsky in this part of her decision and, thus, Dominski's argument must fail.

          5.      Because the decision of the ALJ was both supported by substantial evidence and legally sufficient, Dominski's request for relief must be denied and the decision must be affirmed.

          An appropriate Order follows.

---

[4] The ALJ incorrectly found that Dominski was on drugs during Dr. Langberg's assessment. (Tr. 22) The ALJ misinterpreted Dr. Langberg's report, which states that Dominski denied current drug or alcohol use. (Tr. 157). However, I find this error to be harmless because it would not affect the outcome of the case. See Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005). Dr. Langberg's assessment of Dominski while sober in fact directly addresses whether substance abuse was a contributing factor material to Dominski's disability.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN DOMINSKI | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-3595 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**FILED**
OCT 15 2008
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## ORDER

AND NOW, this 15th day of October, 2008, upon consideration of the brief in support of request for review filed by plaintiff and defendant's response (Doc. Nos. 5 & 8) and having found after careful and independent consideration that the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** and the relief sought by Plaintiff is **DENIED**; and

2. The Clerk of Court is hereby directed to mark this case closed.

LOWELL A. REED, JR., Sr. J.